The Honorable Luther "Lu" Hardin State Senator 309 South Vancouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 Is the Board of Commissioners of a Fire Protection District as established under the provisions of Act 35 of 1979, a County Advisory Board or a County Administrative Board, and are the appointments of such board members bound by A.C.A. 14-14-705?
It is my opinion, in response to the first part of this question, that the Board of Commissioners of a Fire Protection District established under Act 35 of 1979 is neither a County Advisory Board nor a County Administrative Board for purposes of A.C.A. 14-14-705. Therefore, in response to the second part of your question, the provisions of 14-14-705 do not apply to the appointment of such Board of Commissioners.
These conclusions are compelled by a review of Act 35 of 1979 (A.C.A. 14-284-201, et seq.) which provides for the formation of fire protection districts in rural areas.
The appointment of a board of commissioners for such a fire protection district ("district") is governed by A.C.A 14-284-208. If the formation of a district is approved either through an election or by quorum court ordinance, ". . . the county court shall enter an order establishing the district as described in the petitions or ordinance and shall appoint five (5) qualified electors of the district as a board of commissioners for the district." A.C.A. 14-284-208(a). Section14-284-208 goes on to state:
 (b)(1) Two (2) members of the commission shall be appointed for terms of two (2) years and three (3) members of the commission shall be appointed for terms of three (3) years.
 (2) All successor members shall be appointed by the county court for terms of three (3) years. All appointments shall be subject to confirmation by the quorum court of the county.
 (c) Vacancies occurring on the board because of resignation, removal, or otherwise shall be filled by the county court for the unexpired term.
A comparison between 14-284-208 and 14-14-705 reveals several significantly different provisions governing the respective boards, suggesting that the fire protection district board of commissioners is not a county "advisory" or "administrative" board under 14-14-705. It should be initially noted that while a county advisory board may contain any number of members, as specified by quorum court ordinance, the district board of commissioners consists of five members. See A.C.A.14-14-705(1)(C) and 14-284-208(a). Fire protection district commissioners are appointed for three year terms, whereas county administrative board members serve for five years. A.C.A. 14-284-208(b)(2) and14-14-705(2)(F). And while confirmation of advisory board appointments by the quorum court is not required under 14-14-705(1)(B), appointments to the fire improvement district board of commissioners are subject to quorum court confirmation. A.C.A. 14-284-208(b)(2).
These differences, as well as the fact that the board of commissioners of a fire improvement district is established under a separate, specific legislative scheme, compel the conclusion that provisions governing county advisory and administrative boards, generally, do not encompass the board of commissioners of a fire improvement district created pursuant to Act 35 of 1979 (A.C.A. 14-284-201, et seq.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb